UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL E. RYDER and ELAINA H.
RYDER,

        Plaintiffs,

                                                  Case No. 11-13691
v.                                                   Honorable David M. Lawson

J.P. MORGAN CHASE BANK, N.A.,

        Defendant.
_____/

## ORDER OF DISMISSAL

The plaintiffs filed a complaint in state court on July 24, 2011 alleging breach of contract and fraud in the inducement and arguing that the defendant's foreclosure on their residence was void under Michigan law. On August 24, 2011, the defendant filed a notice of removal to this Court on the basis of diversity between the parties. On September 14, 2011, the plaintiffs filed for bankruptcy in the Bankruptcy Court of the Eastern District of Michigan.

The Bankruptcy Code requires a debtor to file a "schedule of assets and liabilities, a schedule of current income and current expenditures," 11 U.S.C. § 521(a)(1)(B)(I), including contingent and unliquidated claims, and to supplement such disclosure during the pendency of the bankruptcy case. *In re Coastal Plains, Inc.,* 179 F.3d 197, 208 (5th Cir. 1999). It is uncontroverted that a cause of action qualifies as an asset that must be disclosed in the bankruptcy schedule of assets. *Eubanks v. CBSK Fin. Group Inc.*, 385 F.3d 894, 897 (6th Cir 2004). After a debtor files for bankruptcy, "the right to pursue causes of action formerly belonging to the debtor. . . vests in the trustee for the benefit of the estate." *Bauer v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir. 1988) (quoting *Jefferson v. Mississippi Gulf Coast YMCA*, 73 B.R. 179, 181-82 (S.D. Miss. 1986)).

In this case, the plaintiffs have filed for bankruptcy and a trustee has been appointed. Because the right to pursue this case has vested in the trustee for the benefit of the estate, the plaintiffs are no longer the parties in interest in this action. The trustee has thus far taken no action in the case and did not appear at a status conference held on December 1, 2011. Until the trustee makes a decision as to whether to pursue this action on behalf of the estate, the plaintiffs cannot proceed in this action and the case must be dismissed.

Accordingly, it is **ORDERED** that the plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. The plaintiffs or the trustee may seek to reopen the case by filing an appropriate motion **on or before January 31, 2012**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: December 2, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 2, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL